## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| KATHY MOORE,<br><br>　　　　Plaintiff,<br><br>Vs.<br><br>WAL-MART STORES, INC. d/b/a<br>SAM'S CLUB,<br><br>　　　　Defendant. | Docket No. 1:20-cv-1218<br>JURY DEMAND |

## NOTICE OF REMOVAL

Comes now Defendant, Sam's East, Inc. incorrectly styled as Wal-Mart Stores, Inc. d/b/a Sam's Club, by and through counsel, and hereby notify the Judges of the United States District Court for the Western District of Tennessee, Eastern Division, the Clerk of the Circuit Court of Madison County, Tennessee, and the Plaintiff Kathy Moore that the action described herein and filed in the Circuit Court of Madison County, Tennessee is removed to the United States District Court of the Western District of Tennessee, Eastern Division pursuant to 28 U.S.C. § 1441.

　　　　1.　　　　On September 8, 2020, Plaintiff Kathy Moore filed a civil action against Defendant in the Circuit Court of Madison County, Tennessee, bearing civil action No C-20-251. Service of the Complaint and Summons was made upon the Defendant on September 15, 2020 through CT Corporation.

　　　　2.　　　　Plaintiff filed this premises liability action based upon an incident that occurred in Madison County, Tennessee on September 28, 2017.

3. Defendant seeks removal of this action to this Court pursuant to 28 U.S.C. §1332 upon the grounds that the controversy is wholly between citizens of different states and involves an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs based upon statements of Plaintiff's counsel although no specific dollar amount was requested in the ad damnum of the Complaint. Plaintiff's counsel confirmed the amount in controversy is in excess of $75,000.

4. Plaintiff Kathy Moore is a resident and citizen of Madison County, Tennessee and was a citizen of the State of Tennessee at the time of the filing of this action and at the time of removal.

5. Defendant Sam's East, Inc. is incorporated in Delaware with its principle place of business in Bentonville, Arkansas. For purposes of determining citizenship under 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of every state where its general and limited partners reside. See Hooper v. Wofe, 396 F.3d 744, 748 (6th Cir. 2005) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L.Ed.2d 157 (1990)).

6. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs based upon statements of Plaintiff's counsel although no specific dollar amount was requested in the ad damnum of the Complaint. Plaintiff's counsel confirmed the amount in controversy is in excess of $75,000.

7. This Notice is filed within the time prescribed by 28 U.S.C. §1446(b).

8. A copy of the Summons and Complaint, being all the papers served upon the Defendant are attached as Exhibit A hereto.

WHEREFORE, Notice is hereby given that said civil action No. C-20-251 is removed from the Circuit Court of Madison County, Tennessee to this Court.

        Respectfully submitted,

        RAINEY, KIZER, REVIERE & BELL, PLC

        By: s/ KEELY M. WILSON
        KEELY N. WILSON, BPR No. 021083
        Attorneys for Defendant
        209 East Main Street
        P. O. Box 1147
        Jackson, TN  38302-1147
        731/423-2414
        kwilson@raineykizer.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been electronically filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing report, including the parties below. All other parties will be served by facsimile, e-mail, or regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

    Sherry M. Percival (BPR No. 018840)
    Attorney for Plaintiff
    Percival Law Office, PC
    219 North Parkway
    Suite 1
    Jackson, Tennessee  38305

This 28th day of September, 2020.

        s/ KEELY N. WILSON

# EXHIBIT A

# EXHIBIT A


# CT Corporation

**Service of Process Transmittal**
09/15/2020
CT Log Number 538245455

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** Process Served in Tennessee

**FOR:** Wal-Mart Stores, Inc. (Former Name) (Domestic State: DE)
WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Moore Kathy, Pltf. vs. Wal-Mart Stores, Inc., etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Madison County Circuit Court, TN<br>Case # C20251 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/28/2017 - Located at 2120 Emporium Drive, Jackson, TN 38305 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/15/2020 at 08:36 |
| **JURISDICTION SERVED:** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Sherry M. Percival<br>Percival Law Office, P.C.<br>219 North Parkway<br>Suite 1<br>Jackson, TN 38305<br>731-424-3897 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/15/2020, Expected Purge Date: 09/20/2020<br><br>Image SOP<br><br>Email Notification, Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of 1 / MD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

☐ COPY

## STATE OF TENNESSEE
### Circuit Court of MADISON County
Civil Action No. C-20-251

DIV I

KATHY MOORE

      Plaintiff,

vs

WAL-MART STORES, INC. d/b/a
SAM'S CLUB

      Defendant.

SUMMONS TO BE SERVED ON:
CT Corporation System
300 Montvue Rd
Knoxville, Tennessee 37929-9710

**To the above-named Defendant(s):**

You are hereby summoned and required to serve upon Sherry M. Percival, Plaintiff's attorney, whose address is Percival Law Office, P.C.; 219 North Parkway, Suite 1; Jackson, Tennessee 38305, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witness, Kathy Blount, Clerk of said Court, at office on the 8 in September A.D., 20 20.

Kathy Blount
Clerk
By: _____
Deputy Clerk

To the Defendant(s)

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a Judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (T.C.A. § 26-2-114)

## RETURN OF SERVICE ON SUMMONS

I hereby certify and return, that on the _____ day of _____, 20____, I served this summons together with a copy of the complaint herein as follows: _____

Walmart Stores Inc     REFUSED

_____, Name of Server

SEP 15 2020

n. Baird 2525    16:50

ADA
IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE PLEASE CALL
1-731-988-3070

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT AT JACKSON

FILED
SEP 08 2020
KATHY BLOUNT, CIRCUIT COURT CLERK
DEPUTY CLERK
A.M. 3:44 P.M.

KATHY MOORE,

    Plaintiff,

v.

WAL-MART STORES, INC. d/b/a
SAM'S CLUB,

    Defendant.

CIVIL ACTION NO: C-20-251

DIV. I

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Kathy Moore, by and through undersigned counsel, and hereby brings claim against Defendant Wal-Mart Stores, Inc. d/b/a Sam's club for compensatory damages and in support thereof would show the Court as follows:

### PARTIES

1. The Plaintiff, Kathy Moore (hereinafter "Ms. Moore") is an adult resident and citizen of Jackson, Madison County, Tennessee.

2. Upon information and belief, Defendant Wal-Mart Stores, Inc. d/b/a Sam's Club, (hereinafter "Defendant") is a Delaware Limited Partnership during business in the State of Tennessee, with its principal office located at 702 South West 8th Street, Bentonville, AR 72716.

3. Upon information and belief, Defendant may be served with process through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37929-9710.

### JURISDICTION AND VENUE

4. All events which form the basis of this Complaint for Damages are based in tort and occurred in Madison County, Tennessee.

5. Venue is properly situated in Madison County pursuant to Tenn. Code Ann § 20-4-1019 (a) & (b).
6. This Court has jurisdiction over the parties and subject matter involved in this case pursuant to Tenn. Code Ann.§ 16-10-101.
7. This case was voluntarily dismissed on September 9, 2019, No. C-19-224 Div. I after being removed to federal court under Civil Docket Case No. 18-cv-01216.

## FACTS

8. At all times pertinent to this Complaint, the Defendant owned and operated a chain retail store known as "Sam's Club #6507" (hereinafter Sam's Club), which is located at 2120 Emporium Drive, Jackson, TN 38305.
9. At all times relevant hereto, Sam's Club engaged in a common method of operation where it displayed retail items throughout the store.
10. On or about September 28, 2017, Ms. Moore, went to Sam's Club.
11. Ms. Moore was lawfully on the premises as a paying customer.
12. Ms. Moore approached a bin of folding tables.
13. When Ms. Moore reached her right hand out to touch one of the tables, the contents of the bin fell forward, crushing Ms. Moore's left hand against her shopping cart.
14. The tables were standing on their end with fronts facing the aisle.
15. The tables were displayed in such a way that when they fell, they fell towards the customers, constituting a dangerous condition.
16. As result of the dangerous and defective condition that existed on the defendant' premises due to defendant's method of operation of stacking tables to where they fell out into the aisle, the weight of the tables fell onto Ms. Moore, causing her injury.
17. Ms. Moore repeats the allegations contained in paragraphs 1-16 as though set forth verbatim.
18. The Defendant, through its employees, agents and/or assigns, was negligent in failing to prevent merchandise from falling in the direction of the customers.
19. The Defendant, through its employees, agents and/or assigns, was negligent in failing to take reasonable care by regularly inspecting merchandise on the sales floor and rearranging the merchandise or warning customers of the danger.

20. The Defendant, through its employees, agents and/or assigns, was negligent in failing to take reasonable care by not properly displaying merchandise, creating the dangerous condition that is the sole cause of Ms. Moore's injuries.

21. The Defendant, through its employees, agents and/or assigns, was negligent in failing to train its employees and/or agents to monitor and/or inspect the sales floor of any and all dangerous conditions and removing them.

22. At all times relevant to this Complaint, the defendant's employees, agents and/or assigns, had, or in the course of reasonable care, should have had actual and/or constructive notice of the dangerous condition that caused Ms. Moore's injury, as the Defendant's employees, agents and/or assigns are responsible for putting merchandise on the sales floor.

23. The particular method of operation employed by the Defendant of standing long tables on end by Defendant was either inherently dangerous or being conducted in a negligent manner so that the dangerous condition of the falling tables was created as a result of the pattern of conduct, the recurring incident, or the general or continuing condition caused by the tables falling on Ms. Moore.

24. The Defendant owed a general duty of due care to its patrons and/or business invitees to maintain the property in a reasonably safe condition and to remove any dangerous condition on the premises of which it was aware, or in the course of reasonable care, should have been aware.

25. The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in failing to warn Ms. Moore and other guests of the possibility of injury, caused by the known dangerous condition, while in Sam's Club.

26. The Defendant, by and through the actions and/or inactions of its employees and/or agents, was negligent in failing to maintain a safe environment for Ms. Moore and other guest while in Sam's Club.

27. Upon information and belief, the Defendant had, or should have had, actual and/or constructive notice of the dangerous and defective condition that caused Ms. Moore's injuries, as it was caused by a recurring condition created by Defendant's method of operation.

## DAMAGES

28. Ms. Moore repeats the allegations contained in paragraphs 1-27 as though set forth verbatim.

29. As direct and proximate result of the Defendant's negligence, Ms. Moore suffered serious and severe personal injuries which were caused, precipitated and/or aggravated by the wrongs complained of, including, but not limited to, Ms. Moore's fractured left hand.

30. As a direct and proximate result of the Defendant's negligence, Ms. Moore suffered severe injuries that required emergency medical attention and may continue to require medical treatment in the future.

31. As a direct and proximate result of the Defendant's negligence, Ms. Moore incurred and will continue to incur medical expenses.

32. As a direct and proximate result of Defendant's negligence, Ms. Moore experienced pain and suffering.

33. As a direct and proximate result of the Defendant's negligence, Ms. Moore suffered the loss of the enjoyment of life.

34. As a direct and proximate result of the Defendant's negligence, Ms. Moore suffered permanent injuries and disfigurement.

35. As direct and proximate result of the Defendant's negligence, Ms. Moore lost earnings and earning capacity.

## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiff, Kathy Moore respectfully prays:

1. That Plaintiff be awarded damages for any medical treatment which she has had or may have to undergo;
2. That Plaintiff be awarded special damages for medical, hospital, and doctors expenses incurred, according to proof;
3. That Plaintiff be awarded compensatory damages in a fair and reasonable amount to be determined by the jury;
4. That Plaintiff be awarded post-judgment interest as allowed by law;

5. That a jury be empaneled to try the issues herein when joined; and
6. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

PERCIVAL LAW OFFICE, P.C.

Sherry M. Percival BPR 018840
Attorney for Plaintiff
219 North Parkway, Suite 1
Jackson, Tennessee 38305
Phone: (731) 424-3897
Fax:    (731) 424-3872
sherry.percivallaw@gmail.com